# EXHIBIT A



| Judicial Links | eFiling | Help | Contact Us | Print | GrantedPublicAccess Logoff EGGMANNROBERT |

**21SL-CC02081 - ERIC BRENNER V BUSEY BANK (E-CASE)**

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending

Display Options: All Entries

---

**05/10/2021** ☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-4042, for BUSEY BANK. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**05/07/2021** ☐ **Filing Info Sheet eFiling**
 **Filed By:** MATTHEW PAUL COOK

☐ **Motion Special Process Server**
motion.
 **Filed By:** MATTHEW PAUL COOK
 **On Behalf Of:** ERIC BRENNER

☐ **Pet Filed in Circuit Ct**
petition.
 **Filed By:** MATTHEW PAUL COOK

☐ **Judge Assigned**
DIV 17

---

Case.net Version 5.14.17.7    Return to Top of Page    Released 05/13/2021

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
STATE OF MISSOURI

| | |
|---|---|
| Eric Brenner,<br>    Plaintiff,<br><br>vs.<br><br>Busey Bank<br>Serve at:<br>r/a or employee<br>175 Carondelet Plaza<br>Clayton, MO 63105<br>    Defendant, | Case No.:<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Comes now Plaintiff, Eric Brenner, by and through undersigned counsel; and states the following:

### INTRODUCTION AND JURISDICTION

1. This is an action for damages brought by an individual consumer for violations of the of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et. seq.* ("FCRA").

2. This Court has jurisdiction of the FCRA claim under 15 U.S.C. §1681q, 15 U.S.C. §1681k and 28 U.S.C. § 1331.

3. Venue is appropriate in this Court under 28 U.S.C. §1367(a) because Defendant resides in this District, Plaintiff suffered damages in this District, Defendant regularly conduct business in this District, and Defendants directed their illicit conduct at Plaintiff in St. Louis, Missouri.

4. Plaintiff demands a trial by jury on all issues so triable.

### PARTIES

5. Plaintiff is a natural person currently residing in Manitou Springs, CO but who used to live in St. Louis, Missouri and is a consumer within the meaning of FCRA, 15 U.S.C. §1681a(c).

6. Defendant, Busey Bank ("Busey") is a domestic registered company. Busey is a "furnisher of information" to credit reporting agencies as referenced in the FCRA, 15 U.S.C. §1681s-

b(a) and (b) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions.

## FACTS

7. Plaintiff has a type of inaccuracy on his credit file called a "duplicate account", which is where the same account is reported twice on the credit file. This can be problematic for consumers because if there is a derogatory remark on an account, the consumer's score is hit twice for the same event.

8. The credit bureaus (Equifax, Experian and Trans Union) have policies and procedures in place concerning duplicate accounts.

9. In 2006 and 2007 in St. Louis, Missouri, Plaintiff opened two accounts with Pulaski Bank, both of which were discharged in Plaintiff's bankruptcy case.  The bankruptcy was filed in the Eastern District of Missouri.

10. After discharge, the Pulaski Bank accounts were being reported as discharged in bankruptcy.

11. In May 2016, Busey Bank acquired Pulaski Bank, and Pulaski Bank ceased to exist as of the end of 2016.

12. In or around October 2020, Plaintiff disputed the fact that the same two accounts were being reported on his credit reports with the credit bureaus as duplicate accounts, appearing as though there were 4 accounts instead of 2 accounts. And because both accounts were considered derogatory because they were discharged in bankruptcy and had late payments, Plaintiff's credit score was reduced significantly greater than what it should have been.

13. By letter dated October 5, 2020, Plaintiff disputed the inaccurate duplicate accounts with all three Defendants and copied Busey in on the dispute.  The letter detailed what the inaccuracy was and asked for a reinvestigation and the inaccuracy to be corrected.

14. Plaintiff included proof of the duplicate account, including paperwork from his

Electronically Filed - St Louis County - May 07, 2021 - 11:46 AM

bankruptcy. Upon information and belief, Equifax, Trans Union and Experian using their normal practices, communicated Plaintiff's dispute to Busey and represented to Busey that there were duplicate accounts reporting on his credit from them.

15. On October 19, 2020, Defendant Experian responded to Plaintiff's dispute that it had 'verified' the reporting as accurate, and refused to fix the inaccurate information.

16. On October 14, 2020, Defendant Equifax responded to Plaintiff's dispute, and their response falsely stated that the accounts were only being reported as a single account, when in reality they were duplicate accounts.

17. On October 21, 2020, Defendant Trans Union responded to Plaintiff's dispute that it had 'verified' the reporting as accurate, and refused to fix the inaccurate information.

18. It is also unclear how Trans Union and Experian could have verified the duplicate accounts from Pulaski Bank, considering that it ceased to exist in 2020, and there would have been no subscriber agreement on file with the Defendants and Pulaski Bank in 2020.

19. In or around December 2020, Plaintiff again disputed the inaccurate duplicate accounts with the Defendants.

20. Each Defendant improperly "verified" the duplicate accounts a second time and refused to correct the inaccuracy.

21. Upon information and belief, Busey failed to conduct a reasonable investigation.

22. Busey's policies and procedures prohibit the reporting of duplicate accounts, and Defendants train their employees to delete duplicate accounts whenever notified of this type of inaccuracy.

23. Busey failed to follow reasonable procedures upon receipt of Plaintiff's written dispute from Equifax, Trans Union and Experian, and Busey failed to conduct a reasonable investigation of Plaintiff's dispute despite its requirements under 15 U.S.C. §1681s-2(b).

24. As a result of Busey's conduct, actions and inaction, Plaintiff suffered actual damages in

the form of denial of credit as well as extreme mental anguish and emotional distress, humiliation, and damage to Plaintiff's reputation for credit worthiness.

25. Defendants' conduct, actions and inactions were willful.

## COUNT I – FCRA

### 15 U.S.C. § 1681o

26. Plaintiff realleges and incorporates by reference the above paragraphs.

27. On information and belief, Plaintiff alleges that the Equifax, Experian and Trans Union notified Busey of Plaintiff's disputes. Busey negligently failed to conduct a reasonable investigation of Plaintiff's disputes as required by 15 U.S.C. §1681s-2(b), and failed to permanently delete information which was inaccurate, incomplete, or which could not be verified.. As a result of its investigation, Busey continued to report false, derogatory information and allowed the dissemination of this false information to third parties. Busey also violated §1681s-2(b) by failing to accurately report the results of the investigation to the consumer reporting agencies, one of which was that Plaintiff disputed the dual reporting, which was inaccurate and misleading.

28. As a result of Busey's violations of the FCRA, Plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to his damages to be determined by a jury.

29. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681o(b).

## COUNT II – FCRA

### 15 U.S.C. § 1681n

30. Plaintiff realleges and incorporates by reference the above paragraphs.

31. On information and belief, Plaintiff alleges that Equifax, Experian and Trans Union notified Busey of Plaintiff's disputes. Busey willfully failed to conduct a reasonable investigation of Plaintiff's disputes as required by 15 U.S.C. § 1681s-2(b), and failed to permanently delete information

which was inaccurate, incomplete, or which could not be verified. As a result of its investigation, Busey continued to report false, derogatory information and allowed the dissemination to third parties. Busey also violated §1681s-2(b) by failing to accurately report the results of the investigation to the consumer reporting agencies, one of which was that Plaintiff disputed the dual reporting, which was inaccurate and misleading.

32. As a result of Busey's violations of the FCRA, Plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all his damages to be determined by the jury.

33. Plaintiff is entitled to punitive damages in amount to be determined by the jury.

34. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681n.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. On Plaintiff's First Claim for Relief:

    a. Actual damages in an amount to be determined by the jury; and

    b. Attorney fees and costs.

2. On Plaintiff's Second Claim for Relief:

    a. Actual damages in an amount to be determined by the jury;

    b. Punitive damages in an amount to be determined by the jury;

    c. Statutory damages as determined by the Court; and

    d. Attorney fees and costs.

3. Trial by jury is requested.

By:  /s/ Matthew P. Cook
    Cook Law, LLC
    Matthew P. Cook #62815
    Attorney for Plaintiff
    2885 Sanford Ave SW #42270
    Grandville, MI 49418
    Phone:  314-200-5536
    Email:  Cookmp21@yahoo.com


Matthew R. Osborne, pro hac vice forthcoming/pending
11178 Huron Street, Suite 7
Northglenn, CO 80234
Ph:   (303) 759-7018
Fax:  (720) 210-9870
Email:  matt@mrosbornelawpc.com
Attorneys for Plaintiff

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

For File Stamp Only

Eric Brenner
Plaintiff/Petitioner

vs.

Busey Bank
Defendant/Respondent

Date

Case Number

Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now **Plaintiff**, pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Dan Defosset | 1218 Gilbert, St Louis, MO 63119 | 314/956/1852 |
|---|---|---|
| Name of Process Server | Address | Telephone |

Name of Process Server — Address or in the Alternative — Telephone

Name of Process Server — Address or in the Alternative — Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Busey Bank
Name
175 Carondelet Plaza
Address
Clayton, MO 63105
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By _____
Deputy Clerk

_____
Date

Matt Cook
Signature of Attorney/Plaintiff/Petitioner
62815
Bar No.
2885 Sanford Ave SW, Grandville, MI 49418
Address

_____
Phone No.                                    Fax No.

CCADM62-WS    Rev. 08/16

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)   Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)   The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)   Appointments may list more than one server as alternates.

(B)   The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)   Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)   No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)   Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)   This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 08/16



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number: 21SL-CC02081 |
|---|---|
| Plaintiff/Petitioner:<br>ERIC BRENNER | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW PAUL COOK<br>2885 SANFORD AVENUE<br>SW #42270<br>GRANDVILLE, MI  49418 |
| vs. | |
| Defendant/Respondent:<br> BUSEY BANK | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** BUSEY BANK
**Alias:**
175 CARONDELET PLAZA
SAINT LOUIS, MO  63105



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**10-MAY-2021**                                           _____
   Date                                                                Clerk

**Further Information:**
MT

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server                     Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)    Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____
                                              Date                                                             Notary Public

**Sheriff's Fees, if applicable**
Summons                                $_____
Non Est                                   $_____
Sheriff's Deputy Salary
Supplemental Surcharge       $_____10.00_____
Mileage                                  $_____  (_____ miles @ $._____ per mile)
**Total**                                   $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 21-SMCC-4042**     2     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                                                                    54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
**Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING**

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**
If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**
If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**
Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

**For more information call: 314-615-8029**

